IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Edward Till, | ) | C/A No.: 1:11-1391-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Georgetown County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at Georgetown County Detention Center ("GCDC"). He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

In his complaint, Plaintiff alleges that he was forced to undergo eighty-six hours without running water in the toilet in his cell. [Entry #1]. According to Plaintiff, despite complaints and requests to several detention center officers, he was forced to endure long periods of inability to relieve himself until he could leave his cell during recreation to use

another properly working toilet. *Id.* Plaintiff seeks damages and injunctive relief, claiming violations of his rights against cruel and unusual punishment. *Id.*

II.  Discussion

   A.  Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

It is recommended that the Complaint in this case be summarily dismissed because Plaintiff fails to name a potentially liable defendant. In order to state a claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by the deprivation of rights, privileges, or immunities secured by the Constitution by a person acting under color of state law. *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person." The only defendant named in this case is GCDC. However, because GCDC is the name of a building or group of buildings, and not the name of a person, there is no viable § 1983 claim against GCDC. *See Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053 (D.S.C. Jan. 19, 2011) (holding that Anderson City Jail is a building and is not subject to suit); *Jones v.*

---

[1] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

3

*Lexington County Detention Center*, 586 F.Supp.2d 444, 451 (D.S.C. 2008) (finding that Lexington County Detention Center is a physical institution that is not subject to liability under § 1983). Therefore, it is recommended that the complaint be summarily dismissed.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 7, 2011                                  Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**